UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIRRELL T. BARBOUR                                                                                Plaintiff

v.                                                                         Civil Action No. 3:18-CV-P783-RGJ

DANNY ALLEN, *et al.*                                                                 Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Tirrell T. Barbour leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff the opportunity to amend his complaint.

### **I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at Hardin County Detention Center (HCDC).[1] He brings this action against HCDC Jailer Danny Allen, in both his official and individual capacities, and against "[HCDC] Medical."

In the complaint, Plaintiff writes as follows:

10-15-18 I sent a request to Mr. Danny Allen requesting a transfer to a facility that would allow me to have my hernia repaired due to the fact that my small intestines are hanging out my scrotum and Medical denies me and says I should of repaired it on the street. To my request on 10-15-18 Mr. Allen stated since I brought drugs from Taylor Co. to Hardin Co. I'm not going. Not only was I denied receiving surgery though I was not detained for drugs or either was there drugs on my personal possession of any kind, but yet I still seam to receive inadequate medical care in Hardin Co. from staff which leads to my next complaint.

10-17-18 I wrote a request to speak with him, still no response, still not scanned. 10-15-18 Natasha Jones received a phone call from Mr. Danny Allen and stated

---

[1] Confusingly, Plaintiff checked the boxes for being both a convicted prisoner and a pretrial detainee at HCDC.

that I had brought drugs to the institution, when I originated from Hardin Co. transported to court from Hardin Co., seen a judge in Taylor Co., then transported back to Hardin Co. I am not married so that information that was passed on to Ms. Jones was not only a lie but malicious and embarrassing not only to me but my family and whatever information was fabricated from within the facility was however confidential and no civilian should have received this info from this established gentleman and by the slandering of my name not only Ms. Jones but my family has been hesitant to support me and now I suffer from that false statement.

Medical authority still haven't set a surgery date and said I should have had it repaired on the street even as property of D.O.C.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release to probation" and the "expungement of [his] records."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551

F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. HCDC Jailer Danny Allen

### 1. Official-Capacity Claim

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Allen is actually against his employer, which is Hardin County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the

moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Hardin County. Accordingly, the Court will dismiss Plaintiff's official-capacity claim against Defendant Allen for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

Based upon the allegations contained in the complaint, the Court will allow a federal constitutional claim of deliberate indifference to a serious medical need and a state-law slander claim to proceed against Defendant Allen in his individual capacity.

### B. "Hardin County Detention Center Medical"

Plaintiff also names "[HCDC] Medical" as a Defendant. However, this entity is not a "person" within the meaning of § 1983, and is therefore not a proper defendant. Under § 1983, the definition of a "person" includes individuals and "bodies politic and corporate." *Monell*, 436 U.S. at 690 n.55; *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997). "A prison's medical department is not an entity with a corporate or political existence . . . ." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *see also Rogers v. Ohio*, No. 2:15-CV-1877, 2015 U.S. Dist. LEXIS 170240, at *5-6 (S.D. Ohio Dec. 21, 2015) ("Because a county sheriff's office is not capable of being sued, it follows that a particular department of a sheriff's office, namely, the 'Jefferson County Sheriff's Medical Department,' likewise lacks the capacity to be sued."), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 7303 (S.D. Ohio Jan. 21, 2016); *Thomas v. Kenton Cty. Det. Ctr. Med. Staff*, No. 2:14-CV-166-WOB, 2015 U.S. Dist.

5

LEXIS 82353, at *7-8 (E.D. Ky. June 25, 2015) (holding that "[a] jail's medical department is not a 'person' for § 1983 purposes") (citing *Brown-Rogers v. Bradley Cty. Jail Med. Dep't*, No. 1:06-cv-188, 2007 U.S. Dist. LEXIS 36994, at *10 (E.D. Tenn. May 21, 2007)). Thus, the Court will dismiss Plaintiff's claim against "[HCDC] Medical" for failure to state a claim upon which relief may be granted.

However, based upon the allegations contained in the complaint, the Court will allow Plaintiff the opportunity to amend his complaint to name as Defendants, in their individual capacities, any medical officials who were allegedly deliberately indifferent to his serious medical needs. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].")

**C. Injunctive Relief**

Finally, Plaintiff indicates that he seeks injunctive relief in the form of "release to probation" and the "expungement of [his] records." However, these remedies are not available under § 1983. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, these claims for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

---

[2] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED that Plaintiff's federal constitutional claim of deliberate indifference to a serious medical need and state-law slander claim shall proceed against Defendant Allen in his individual capacity**.

**IT IS FURTHER ORDERED that Plaintiff's official-capacity claims against Defendant Allen, his claims against "[HCDC] Medical," and his claims for injunctive relief are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**The Clerk of Court is DIRECTED to terminate "[HCDC] Medical" as a party to this action**.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he names as Defendants any medical officials who allegedly violated his rights; specifies that he is suing these Defendants in their individual capacities; and describes how each Defendant has or continues to violate his constitutional rights by including details such as which Defendant purportedly did what and when. Plaintiff should submit a completed summons form for each newly named Defendant within the same 30-day period.**[3]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint within the allotted amount of time,

---

[3] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

the Court will enter a Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date:

cc: Plaintiff, *pro se*
　　 Defendant Allen
　　 Hardin County Attorney
A961.011